UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCES CARLSON,

     Plaintiff,

v.                                                    Case No. 8:10-cv-900-T-24-TGW

UNITED STATES OF AMERICA,

     Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff Frances Carlson's Motion for Summary Judgment (Doc. No. 31). The United States has filed a response in opposition (Doc. No. 46). At issue is a series of penalties that the Internal Revenue Service ("IRS") levied against Carlson pursuant to 26 U.S.C. § 6701. For the reasons stated herein, Carlson's Motion for Summary Judgment is granted in part and denied in part.

**I.    Background**

The following facts are undisputed:

**A.    Carlson's Work at Jackson Hewitt**

From 2002 through 2006, Carlson worked for two companies owned by Daniel Prewett[1]: JH Accounting, Inc. and Simple Financial Solutions, Inc., doing business as Jackson Hewitt (collectively, "Jackson Hewitt"). While working for Prewett, Carlson prepared income tax returns, both for business entities and for individuals, and provided bookkeeping services for some clients.

---

[1] In 2008, Prewett was convicted of four federal counts related to drug distribution and money laundering. He is currently serving 18 years in prison.

### B. Carlson's Interactions with the IRS

In 2007, the United States sued Prewett, Carlson, and others to enjoin them from acting as federal tax return preparers and from engaging in activity that is subject to a penalty under § 6701 (*i.e.*, aiding or assisting in the preparation of any portion of a tax document, knowing that portion would result in an understatement of tax liability). In May 2009, Carlson consented to the injunction. In September 2009, the IRS assessed $148,000 in penalties against Carlson under § 6701, related to approximately forty income tax returns that the IRS alleged Carlson prepared between 2002 and 2006. After paying 15% of the penalties, Carlson challenged the assessment by filing a refund claim with the IRS.

On March 23, 2010, the IRS informed Carlson that her refund claim was denied in full. In its notification, the IRS explained that Carlson had the option of filing suit in district court, and that "[t]he time for filing suit without paying additional funds is 30 days after the date of this letter or 6 months and 30 days from the date you filed your claim[,] whichever date comes first." (Doc. No. 3, Ex. 1 at 15.) Carlson timely filed suit, thereby initiating this action, on April 19, 2010.

Meanwhile, Carlson had also requested a Collection Due Process ("CDP") hearing under 26 U.S.C. § 6330. The IRS appeals officer assigned to Carlson, Betty Landau, reviewed Carlson's CDP application, and between April and June 2010, Landau and Carlson's attorney discussed the penalties. On June 7, 2010, Landau sent Carlson's attorney a letter confirming her determination that the penalties for 2002 would be removed and that the remaining penalties would be reduced to the amounts that would have been assessed under 26 U.S.C. § 6694. Carlson's IRS Account Transcript indicates that, for each of the relevant years, her penalties

under § 6701 were abated.

By letter dated September 2, 2010, having learned that Carlson had commenced this lawsuit, Landau informed Carlson's attorney that she had changed her determination to one that upheld all of the penalties assessed against Carlson. Thereafter, Carlson's penalties under § 6701 were restored.

### C. The Present Lawsuit

In this action, Carlson seeks a judgment in the amount of the return preparer penalties assessed and collected from her for the years 2002 through 2006. Additionally, she asserts a denial of due process claim, in which she alleges that she was denied the ability to pursue an administrative appeal and file the instant lawsuit without paying the entire penalty amount. On September 23, 2010, the United States filed its answer and a counterclaim seeking a judgment for the full amount of the penalties against Carlson. (Doc. No. 10).

## II. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.* Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Johnson v. Bd. of Regents*, 263 F.3d

1234, 1243 (11th Cir. 2001) (quotation omitted).

When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affirmative evidence, designate specific facts showing there is a genuine issue for trial. *Porter*, 461 F.3d at 1320. In determining whether there is a "genuine" issue, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## III. Discussion

Carlson argues she is entitled to summary judgment for three reasons. First, she argues summary judgment is appropriate based on what she contends is a binding settlement agreement between herself and the United States. Second, Carlson contends that penalties under § 6701[2]

---

[2] Section 6701 provides, in pertinent part:

**Penalties for aiding and abetting understatement of tax liability**

**(a) Imposition of penalty.** --Any person--

**(1)** who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document,

**(2)** who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and

**(3)** who knows that such portion (if so used) would result in an understatement of the liability for tax of another person,

shall pay a penalty with respect to each such document in the amount determined under subsection (b).

**(b) Amount of penalty. --**

were inapplicable to her because she never materially advised her clients; instead, if penalties are warranted at all, they must be assessed under § 6694.[3] Third, she maintains that she is entitled to

---

> **(1) In general.**--Except as provided in paragraph (2), the amount of the penalty imposed by subsection (a) shall be $1,000.
>
> **(2) Corporations.**--If the return, affidavit, claim, or other document relates to the tax liability of a corporation, the amount of the penalty imposed by subsection (a) shall be $10,000.
> . . . .

26 U.S.C. § 6701.

[3] The version of § 6694 applicable during the relevant time period provides, in pertinent part:

> **Understatement of taxpayer's liability by income tax return preparer**
>
> **(a) Understatements due to unrealistic positions.** --If--
>
> **(1)** any part of any understatement of liability with respect to any return or claim for refund is due to a position for which there was not a realistic possibility of being sustained on its merits,
>
> **(2)** any person who is an income tax return preparer with respect to such return or claim knew (or reasonably should have known) of such position, and
>
> **(3)** such position was not disclosed as provided in section 6662(d)(2)(B)(ii) or was frivolous,
>
> such person shall pay a penalty of $250 with respect to such return or claim unless it is shown that there is reasonable cause for the understatement and such person acted in good faith.
>
> **(b) Willful or reckless conduct.**--If any part of any understatement of liability with respect to any return or claim for refund is due--
>
> **(1)** to a willful attempt in any manner to understate the liability for tax by a person who is an income tax return preparer with respect to such return or claim, or

summary judgment because the United States deprived her of due process, or in the alternative abused its discretion, by failing to allow her an administrative appeal and failing to give her notice that the IRS was reassessing penalties against her. In the alternative, Carlson argues she is entitled to partial summary judgment on several of the specific penalties at issue. The Court will address each of these arguments in turn.

### A. Is Summary Judgment Warranted Based on a Binding Settlement Agreement?

Carlson argues that she is entitled to judgment as a matter of law by virtue of a binding settlement agreement with the United States that removed her penalties for 2002 in full, and reduced the penalties for 2003 through 2006 to amounts that would have been assessed under § 6694. She contends that in the course of her attorney's correspondence with Landau, the two parties reached a binding settlement agreement, confirmed in writing by Landau, and governed by the principles of contract law. The United States disputes that an agreement was formed, but even assuming Carlson and Landau did reach an agreement, the United States contends that agreement is not binding on the United States because Landau did not have authority to compromise with Carlson.

---

> **(2)** to any reckless or intentional disregard of rules or regulations by any such person,
>
> such person shall pay a penalty of $1,000 with respect to such return or claim. With respect to any return or claim, the amount of the penalty payable by any person by reason of this subsection shall be reduced by the amount of the penalty paid by such person by reason of subsection (a).
> . . . .

26 U.S.C. § 6694 (1989).

Pursuant to 26 U.S.C. § 7122(a), "[t]he Secretary [of the Treasury] may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any such case after reference to the Department of Justice for prosecution or defense." The United States is not bound by an agreement entered into by one of its agents unless that agent is acting within the limits of his or her actual authority. *Creel v. Comm'r of Internal Revenue*, 419 F.3d 1135, 1141 (11th Cir. 2005); *United States v. Walcott*, 972 F.2d 323, 326–27 (11th Cir. 1992) (applying this concept with respect to the Small Business Administration). Furthermore, "[i]t is well settled that persons dealing with a governmental agent must take notice of the agent's authority and that any unauthorized acts taken by the agent do not bind the government." *Creel*, 419 F.3d at 1141.

Carlson has not presented undisputed evidence that Landau had authority to settle Carlson's refund claim at the time of the June 7, 2010 letter. Because the record is inconclusive as to when this matter was actually referred to the Department of Justice, and by extension, whether Landau had authority to compromise at the time of the purported settlement agreement, the Court finds that a genuine issue of material fact remains as to this argument.

Furthermore, release is a defense that must be affirmatively pled. *See* Fed. R. Civ. P. 8(c)(1). Because Carlson did not raise the affirmative defense of release from liability by virtue of Landau's letter in her response to the government's counterclaim, the argument is waived, and Carlson may not claim release of liability as a ground for summary judgment. Accordingly, summary judgment is denied on this ground.

**B.      Is Summary Judgment Warranted Based on the Scope of § 6701?**

Carlson argues that summary judgment is appropriate because the United States cannot produce any evidence that she was a "material advisor" to her Jackson Hewett clients. Carlson contends that § 6694 is intended to apply to tax preparers, while § 6701 is intended to apply to those who materially advise taxpayers. To apply § 6701 to individuals "who do nothing more than prepare returns," Carlson argues, would render § 6694 completely superfluous, contrary to the basic principles of statutory construction: that, if possible, courts should give effect to every clause and word of a statute, and avoid rendering superfluous any statutory language. Carlson urges the Court to consider the statutory titles, the IRS's internal forms, and the IRS Manual as support for her argument that § 6694 applies to tax return preparers, while § 6701 applies only to those who materially advise taxpayers. The Court rejects these arguments.

To establish that a § 6701 penalty should be imposed against an individual, the government must prove: (1) that person aided in the preparation of any portion of a tax-related document; (2) that person knew, or had reason to believe, that portion would be used in connection with a material matter relevant to the internal revenue laws; and (3) that person knew that portion would result in an understatement of tax liability for another person or entity. 26 U.S.C. § 6701(a). Section 6701 plainly provides for assessment of this penalty against "any person" who committed the proscribed conduct. *Id.*

Section 6694(a), by contrast, penalizes tax return preparers for preparing any return that results in an understatement of liability by virtue of a position for which the preparer knew or reasonably should have known did not have a realistic possibility of being sustained on the merits. 26 U.S.C. § 6694(a) (1989). Section 6694(b) penalizes tax return preparers for preparing a return, of which any part of any understatement of liability is due either to a willful attempt to

8

understate liability, or to any reckless or intentional disregard of the rules or regulations. *Id.* at § 6694(b).

Courts must give effect to overlapping statutes in the absence of a "positive repugnancy" between them. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992). There is no such positive repugnancy here.[4] Section 6701 is aimed at different conduct than is § 6694; specifically, § 6701 is not aimed at simply preparing a tax return, but instead, it focuses on aiding, assisting, procuring, or advising "with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document." 26 U.S.C. § 6701(a)(1); *see also Mattingly v. United States*, 924 F.2d 785, 788 (8th Cir. 1991) (noting that before the enactment of § 6701, "there was no civil penalty to punish aiding and abetting conduct" in the internal revenue laws). Moreover, § 6701 is applicable, not only to tax return preparers (to whom § 6694 applies), but to *any person* whose conduct exposes him or her to liability under the statute. 26 U.S.C. § 6701(a). Finally, and perhaps most importantly, Congress acknowledged that certain conduct could violate both §§ 6694 and 6701, because § 6701 specifically disallows assessing a penalty under § 6694 with respect to any document for which a penalty has already been assessed under § 6701. *See* 26 U.S.C. § 6701(f)(2).

The plain language of § 6701 does not require that the person penalized be a "material advisor." Additionally, Carlson has not cited, and the Court has not found, any case in which that requirement was read into that statute, and the Court declines to do so now. Accordingly, Carlson is not entitled to summary judgment on this ground.

---

[4] Indeed, were such a positive repugnancy to exist, § 6694 (the earlier-enacted statute) would ordinarily be deemed repealed by § 6701 (the later-enacted statute). *See generally Posadas v. Nat'l City Bank of N.Y.*, 296 U.S. 497, 501–04 (1936).

**C. Is Summary Judgment Warranted Based on Lack of Due Process?**

**1. Denial of Administrative Appeal**

Carlson argues that she was denied the opportunity to administratively appeal the IRS's assessment of the penalties because she was forced to file this suit within 30 days of being notified that her refund claim had been disallowed; Carlson alleges this was a denial of due process. Carlson argues that the Treasury Regulations provide that taxpayers assessed penalties under § 6701 are entitled to a post-assessment administrative appeal. Thus, she submits that the proper course of action would have been to give her an opportunity to administratively appeal the IRS's disallowance of her refund claim, and to have the statutory period for filing the refund suit begin to run only after the disallowance became final.

Ordinarily, full payment of a tax assessment is required before bringing suit in federal court. *See Flora v. United States*, 357 U.S. 63, 72–75 (1958). Section 6703[5] provides an

---

[5] Section 6703 provides, in pertinent part:

> **(c) Extension of period of collection where person pays 15 percent of penalty. --**
>
> **(1) In general.**--If, within 30 days after the day on which notice and demand of any penalty under section 6700 or 6701 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court. Nothing in this paragraph shall be construed to prohibit any counterclaim for the remainder of such penalty in a proceeding begun as provided in paragraph (2).

exception to that requirement by allowing an individual who is levied pursuant to §§ 6700 or 6701 to file suit after paying only 15% of that penalty. 26 U.S.C. § 6703(c); *see Dalton v. United States*, 800 F.2d 1316, 1318 (4th Cir. 1986). If the individual seeking a refund fails to initiate a lawsuit within 30 days of receiving notice that his or her claim for a refund has been denied by the IRS, then that individual can proceed to district court only by paying the full amount of the penalty assessed and filing suit within the two-year limitation period. 26 U.S.C. § 6703(c); *see Dalton*, 800 F.2d at 1318–19; *see also Thomas v. United States*, 755 F.2d 728, 729–30 (9th Cir. 1985).

In its March 23, 2010 notice that Carlson's refund claim had been denied, the IRS explained that Carlson had the option of filing suit in district court, and that "[t]he time for filing suit without paying additional funds is 30 days after the date of this letter . . . ." (Doc. No. 3, Ex. 1 at 15.) Even assuming that Carlson had a right to an administrative appeal, there is no evidence on the record demonstrating that she could not have, first, pursued an administrative appeal, and then — having exhausted administrative appeals — filed the instant lawsuit after paying the full penalty amount. Accordingly, summary judgment is denied on this ground.

---

> **(2) Person must bring suit in district court to determine his liability for penalty.**--If, within 30 days after the day on which his claim for refund of any partial payment of any penalty under section 6700 or 6701 is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the person fails to begin a proceeding in the appropriate United States district court for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty, effective on the day following the close of the applicable 30-day period referred to in this paragraph.
> . . . .

26 U.S.C. § 6703(c).

### 2. Lack of Notice

In her motion for summary judgment, Carlson contends that the IRS compounded its denial of her due process rights by failing to give her notice that her § 6701 penalties were being reassessed after they were first abated by virtue of her purported settlement agreement with Landau. Alternatively, Carlson asks the Court to find that the IRS abused its discretion in failing to give Carlson notice under 26 U.S.C. § 6303.

The United States does not offer evidence that the IRS notified Carlson of the restoration of her § 6701 penalties; instead, it responds that "Ms. Carlson's lack-of-notice argument fails because when the IRS fails to give proper notice of a penalty under [Internal Revenue Code] § 6303, the only consequence is that the IRS may not invoke administrative remedies to collect it; civil actions brought by the United States to collect the penalties are not barred." (Doc. No. 46 at 9).

Pursuant to § 6303 (by virtue of 26 U.S.C. § 6671), as soon as practicable, and within 60 days, after a penalty is assessed under § 6701, the Secretary of the Treasury must give notice to the person liable. *See* 26 U.S.C. §§ 6303, 6671. Carlson has not argued that the IRS failed to give her timely notice of the § 6701 penalties when they were originally assessed; her argument concerns only the IRS's reassessment of those penalties in November 2010. However, Carlson has not directed the Court to any case law showing that failure to give notice of a reassessment or restoration of penalties can form the basis for a due process claim. Furthermore, Carlson has not specifically alleged in her complaint that her due process claim is based on the IRS's failure

to give her notice of the reassessment.[6] Therefore, the Court finds that Carlson has not met her burden, and denies summary judgment on this claim.

### D. Is Partial Summary Judgment Warranted Based on the Penalties Specified in Carlson's Motion?

Carlson argues that if the Court does not grant her motion for summary judgment based on the arguments discussed above, then the Court should grant partial summary judgment as to a number of the specific penalties imposed against her.[7] She presents four basic arguments with respect to these penalties: (1) the United States has no evidence that Carlson prepared any document related to a claim; (2) the United States has no evidence that any such document resulted in any understatement of liability; (3) the United States has no evidence that Carlson knew that any such document would result in an understatement; and (4) the United States has no evidence that Carlson was a "material advisor" to the taxpayer. The Court rejects these arguments.

The United States has presented sufficient evidence to raise a genuine issue of material fact as to whether Carlson's remaining § 6701 penalties were justified. For example, the government provided affidavit testimony from a former Jackson Hewitt co-worker of Carlson's that outlined the following: (1) Carlson's awareness that receipts were forged or fabricated for purposes of thwarting IRS audits; (2) Carlson's preparation of federal income tax returns that

---

[6] The Court acknowledges that the IRS reassessed Carlson's penalties after she filed her complaint. However, if she intended to seek relief for the IRS's failure to give her notice of the reassessment, she should have filed an amended complaint.

[7] The Court notes that the United States has conceded the disputed penalties related to returns filed by Frank and Ellen Kaman, Dain and Kasie Carlson, and Kent and Susan Messner. (Doc. No. 31 at 20–21; Doc. No. 46, Ex. 5). Accordingly, Carlson is entitled to summary judgment as to the penalties imposed for these three returns.

claimed false home office deductions; and (3) Carlson's concerns about Prewett's business practices and acknowledged doubts about their lawfulness. (Doc. No. 46, Ex. 7).

The United States also provided affidavit testimony from a former Jackson Hewett client explaining: (1) that Carlson assisted Prewett in forming, without the client's direction, a corporation for the client's personal yacht; (2) that Carlson never discussed with the client how the yacht would be used or what types of deductions might be available for the yacht; and (3) that Carlson regularly took possession of the client's credit card and bank statements, which contained a mix of personal and business expenses, said she would separate them for him to claim only proper deductions, and never contacted him with questions about expenses or other tax-related information. (Doc. No. 46, Ex. 15).

Viewing the record evidence in the light most favorable to the United States, the Court finds that a genuine issue of material fact exists as to whether Carlson prepared documents knowing that those documents, if used, would understate another person's tax liability. Accordingly, Carlson is not entitled to summary judgment on the penalties specified in her motion, except as to the penalties related to returns filed by Frank and Ellen Kaman, Dain and Kasie Carlson, and Kent and Susan Messner.

**IV. Conclusion**

Accordingly, Carlson's Motion for Summary Judgment (Doc. No. 31) is GRANTED with respect to the penalties relating to the returns of Kaman, Carlson, and Messner. Otherwise, the motion is DENIED. **DONE AND ORDERED** at Tampa, Florida, this 12th day of December, 2011.

Copies to:
Counsel of Record

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

14