UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCES CARLSON,

        Plaintiff,

v.                                           Case No. 8:10-cv-900-T-24-MAP

UNITED STATES OF AMERICA,

        Defendant.

_____/

## **ORDER**

This cause comes before the Court on Plaintiff Frances Carlson's Motion for Judgment as

a Matter of Law, to Alter or Amend Judgment, or for a New Trial.  (Doc. No. 125).  The United

States opposes the motion.  (Doc. No. 153).  For the reasons that follow, Carlson's motion is

denied.

## I.     **Background**

On February 2, 2012, the jury returned a verdict in favor of the United States on

Carlson's claim under 26 U.S.C. § 6701 for refund of the return preparer penalties the

government assessed and collected from her for the years 2002 through 2006.  Thereafter,

Carlson filed the instant motion pursuant to Federal Rules of Civil Procedure 50(b), 59(e), and

59(a).

## II.    **Standards of Review**

### A.    **Motion for Judgment as a Matter of Law**

Federal Rule of Civil Procedure 50(a) permits the court to grant judgment as a matter of

law against a party "[i]f a party has been fully heard on an issue during a jury trial and the court

finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the

party on that issue . . . ." Fed. R. Civ. P. 50(a).  Rule 50(b) allows a party to renew a motion for

judgment as a matter of law after trial, if filed no later than 28 days after entry of judgment. Fed. R. Civ. P. 50(b).  A court may grant a motion for judgment as a matter of law only if, after examining "all evidence in a light most favorable to the non-moving party," it determines "there is no legally sufficient evidentiary basis for a reasonable jury to find" for that party.  *Aronowitz v. Health–Chem Corp.*, 513 F.3d 1229, 1236–37 (11th Cir. 2008) (per curiam) (internal quotation marks omitted).

Further, in conducting a Rule 50 analysis, the court must refrain from invading the province of the jury: "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'"  *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004) (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)).  A court may "not second-guess the jury or substitute" its judgment for that of the jury if the jury's verdict is supported by sufficient evidence.  *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001).  "If substantial evidence exists in opposition to a motion for judgment as a matter of law, such that reasonable people, exercising impartial judgment, could reach different conclusions, then the motion must be denied."  *Viart v. Bull Motors, Inc.*, 149 F. Supp. 2d 1346, 1347 (S.D. Fla. 2001).

### B.    Motion to Alter or Amend Judgment

A party may file a Rule 59(e) motion to alter or amend a judgment no later than 28 days after entry of judgment.  Fed. R. Civ. P. 59(e).  The only grounds for granting a Rule 59(e) motion are the submission of newly discovered evidence or the demonstration of manifest errors of law or fact.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that

could have been raised prior to the entry of judgment." *Id.* (internal quotation marks omitted). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempur–Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

### C.      Motion for a New Trial

Federal Rule of Civil Procedure 59 governs motions for a new trial, and the Supreme Court has noted that a party may seek a new trial on grounds that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

"[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Lipphardt*, 267 F.3d at 1186 (citation and internal quotation marks omitted); *see also Redd v. City of Phenix City, Ala.*, 934 F.2d 1211, 1215 (11th Cir. 1991) ("When there is some support for a jury's verdict, it is irrelevant what we or the district judge would have concluded.").  To make this determination, the trial judge must independently weigh the evidence favoring the jury verdict against the evidence in favor of the moving party.  *Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982) (citing *Rabun v. Kimberly–Clark Corp.*, 678 F.2d 1053, 1060 (11th Cir.1982)).  A trial judge should not substitute her own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury.  *Id.* at 973 n.7.

### III.      Discussion

Carlson moves for judgment as a matter of law, for alteration or amendment of judgment, or for a new trial, arguing that the jury's verdict contradicts the evidence of record and that the Court incorrectly instructed the jury regarding burden of proof. The Court will address these arguments in turn.

A.       **Evidentiary Challenge**

Carlson argues that the evidence presented at trial does not support the jury's verdict, particularly with respect to a number of the specific returns at issue. Specifically, Carlson contends that, with respect to one group of returns, the evidence is overwhelming that the positions taken on the returns were "absolutely supportable under the law" and "in no way fraudulent." (Doc. No. 125 at 10). With respect to another group of returns, Carlson contends that the evidence does not support a finding that Carlson knew the returns "were wrong in any way, much less fraudulent." (Doc. No. 125 at 11).

The United States responds, generally, that "the jury had an ample evidentiary basis for concluding that Carlson knew that the returns she prepared understated tax liabilities," that "[a]t best, [Carlson's] argument merely establishes that the evidence of Carlson's knowledge with respect to certain penalties was amenable to competing inferences," and that the Court may not reject the verdict simply because the jury rejected Carlson's version of the facts. (Doc. No. 153 at 1). Then, the government responds to Carlson's argument concerning the specific returns with which she takes issue. For each return, the United States outlines evidence the jury could have accepted in determining that Carlson knew the returns she prepared understated another person's tax liability.

In this case, the jury was presented with evidence of dishonest and corrupt business practices at JH Accounting, of Carlson's shuffling of real property ownership and

mischaracterization of assets during a time of personal financial difficulty, of the nature of deductions claimed on the returns at issue, and of the investigation and reasoning of revenue agents that led to those deductions being disallowed. Based on this evidence, the jury concluded that Carlson prepared tax-related documents, knew, or had reason to believe, those documents would be used in connection with a material matter relevant to the internal revenue laws, and knew those documents would understate the tax liability of other persons or entities.

First, as to Carlson's motion for judgment as a matter of law, after examining all evidence in a light most favorable to the government, the Court rejects the argument that there is no legally sufficient evidentiary basis for a reasonable jury to find for the United States. Second, the Court concludes that Carlson has neither submitted newly discovered evidence nor demonstrated manifest errors of law or fact that would support her motion for alteration or amendment of judgment. Finally, having independently weighed the evidence favoring the jury verdict against the evidence in favor of Carlson, and refraining from substituting its own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury, the Court concludes that the jury's verdict was not against the great weight of the evidence presented at trial, and therefore, a new trial is not warranted. Accordingly, the Court rejects Carlson's arguments and denies the motion on this issue.

### B.  Challenge to the Burden of Proof Instruction

Carlson argues that the Court incorrectly instructed the jury as to burden of proof. Carlson raises three assertions in support of her argument: (1) because Congress intended § 6701 to combat fraud, the clear-and-convincing-evidence standard is appropriate; (2) because § 6701 requires actual knowledge, the clear-and-convincing-evidence standard is appropriate; and (3)

because courts have concluded that § 6701 is a fraud statute in the statute-of-limitations context, the clear-and-convincing-evidence standard is appropriate.

The United States responds that the Court's burden-of-proof instruction was correct and that Carlson's motion should be denied. The government notes that the vast majority of courts (in fact, all but one district court) has held that the appropriate standard of proof under § 6701 is the preponderance-of-the-evidence standard, and it argues that, for a number of reasons, the integrated enactment of §§ 6700–6702 supports the application of a uniform standard of proof for penalties assessed under those provisions.

Jury instructions must "accurately reflect the law," and within those parameters, district courts are afforded "wide discretion as to the style and wording employed in the instructions." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1283 (11th Cir.2008) (internal quotation marks omitted). Appellate courts must ensure "that the instructions show no tendency to confuse or to mislead the jury with respect to the applicable principles of law," and they "will not disturb a jury's verdict unless the charge, taken as a whole, is erroneous and prejudicial." *S.E.C. v. Yun*, 327 F.3d 1263, 1281 (11th Cir. 2003) (internal quotation marks omitted).

Carlson has raised her burden-of-proof argument before this Court numerous times, and each time, the Court has rejected it. The Court has found, and continues to find, persuasive the conclusions and reasoning employed by the courts that have adopted the preponderance-of-the-evidence standard — and rejected the clear-and-convincing-evidence standard — for § 6701 claims. *E.g.*, *Mattingly v. United States*, 924 F.2d 785 (8th Cir. 1991). Accordingly, the Court concludes that it correctly instructed the jury to apply the preponderance-of-the-evidence standard in this case, and as such, the Court denies Carlson's motion on this issue.

## IV.     Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff Frances Carlson's Motion for Judgment as a Matter of Law, to Alter or Amend Judgment, or for a New Trial (Doc. No. 125) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of May, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record